# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAFAYETTE-OPELOUSAS DIVISION

Young's General Contracting, Inc.                    Civil Action No. 6:07-0613

versus                                               Judge Tucker L. Melançon

St. Mary Parish Government                           Magistrate Judge Methvin

## MEMORANDUM RULING

Before the Court is a motion for summary judgment filed by plaintiff Young's General Contracting, Inc. ("Young's"), against defendant St. Mary Parish Government ("St. Marys") [Rec. Doc. 20] and St. Marys' opposition thereto [Rec. Doc. 26]. Also before the Court is a related Motion to Strike Affidavits of Jon Fourrier and Pete Hoppe filed by Young's[Rec. Doc. 27].[1]  For the following reasons, the motion for summary judgment will be denied and the motion to strike will be denied as moot.

### I. Background

This matter comes before the Court as the result of a dispute between Young's and St. Marys related to work performed by Young's on the St. Mary Parish project Number 05-04-02 Cell 4-Phase 1-Stage 2A, Harold J. "Babe" Landry, Solid Waste Disposal Facility, St. Mary Parish, Louisiana ("the Project").  After submitting the lowest bid for the Project, Young's was awarded the contract to perform the work.

---

[1] Plaintiffs filed a Motion To Strike Affidavits of Jon Fourrier and Pete Hoppe on June 11, 2008 [Rec. Doc. 27].  The affidavits were filed by St. Marys in support of its memorandum in opposition to Young's motion for summary judgment.  Plaintiffs contend that the affidavits contain "hearsay, and each affiant contradicts their previous deposition testimony."  The record does not contain an opposition to the motion to strike, however, a copy of such opposition was delivered to the Court's chambers.

Thereafter, Young's executed the contract and a change order titled "Plan Change and/or Special Agreement No. 1" which removed the sand, operational cover and structural fill for the Project from Young's contract and stated that those materials would be provided by St. Marys.

Following completion of the Project, Young's initiated this action to recover sums allegedly due for work it performed on the Project but was not compensated for. Young's seeks to recover $765,016.80 of additional compensation for sand and clay processed on the Project, $34,752.00 of additional compensation for non-woven geotextile fabric installed on the Project and delay damages of $181,816.08.[2] *R.20.*

## II. Motion for Summary Judgment Standard

A motion for summary judgment shall be granted if the pleadings, depositions and affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Little v. Liquid Air Corp.*, 37 F.3d 1069 (5th Cir.1994)(en banc). Initially, the party moving for summary judgment must demonstrate the absence of any genuine issues of material fact. When a party seeking summary judgment bears the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if such evidence were uncontroverted at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). As to issues which the non-moving party has the burden of proof at trial,

---

[2] Young's alleges in its Complaint that it is owed $870,748.32 in additional compensation under its contract with St. Marys and $283,620.32 in delay damages, and in the alternative, that it is entitled to at least $1,200,000.00 under the equitable theory of unjust enrichment. *R. 1.* St. Marys contends in its opposition that Young's seeks to recover $765,016.80 in additional compensation for sand and clay processed on the Project, $35,752.00 in additional compensation for non-woven geotextile fabric installed on the Project and delay damages of $181,816.08. *R. 26.*

the moving party may satisfy this burden by demonstrating the absence of evidence supporting the non-moving party's claim. *Id.* If the moving party fails to carry this burden, his motion must be denied. If he succeeds, however, the burden shifts to the non-moving party to show that there is a genuine issue for trial.[3] *Id.* at 322-23. Once the burden shifts to the respondent, he must direct the attention of the court to evidence in the record and set forth specific facts sufficient to establish that there is a genuine issue of material fact requiring a trial. *Celotex Corp.,* 477 U.S. at 324; Fed.R.Civ.Pro. 56(e). The responding party may not rest on mere allegations or denials of the adverse party's pleadings as a means of establishing a genuine issue worthy of trial, but must demonstrate by affidavit or other admissible evidence that there are genuine issues of material fact or law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986); *Adickes v. S.H. Kress & Co.,* 398 U.S. 144. 159 (1970); *Little*, 37 F.3d at 1075. There must be sufficient evidence favoring the non-moving party to support a verdict for that party. *Anderson,* 477 U.S. at 249; *Wood v. Houston Belt & Terminal Ry.,* 958 F.2d 95, 97 (5th Cir.1992). There is no genuine issue of material fact if, viewing the evidence in the light most favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

---

[3] Where the nonmoving party has the burden of proof at trial, the moving party does not have to produce evidence which would negate the existence of material facts. It meets its burden by simply pointing out the absence of evidence supporting the non-moving party's case. *Celotex Corp.,* 477 U.S. at 325. To oppose the summary judgment motion successfully, the non-moving party must then be able to establish elements essential to its case on which it will bear the burden of proof at trial. A complete failure of proof by the non-moving party of these essential elements renders all other facts immaterial. *Id.*

*III. Analysis*

Young's contends, under the terms of the contract with St. Marys, that St. Marys obligated itself to compensate Young's for each cubic yard of fill material and for each square foot of non-woven geotextile liner installed. Young's further contends that St. Marys has only compensated Young's for the estimated quantities contained in the Project Manual leaving a balance owed to Young's of $765,016.80. Young's also asserts that under the change order, St. Marys failed to fulfill its obligation to deliver sufficient sand and clay fill material causing Young's to incur delay damages in the amount of $34,752.00.

In its statement of uncontested facts, Young's cites the affidavit of Maurice Rankins, a Project Manager for Young's, in contending that Rankins had a conversation with Pete Hoppe, an engineer retained by St. Marys to oversee the Project, in which Hoppe encouraged Rankins to submit a bid on behalf of Young's. *R. 23; Exh. C; Aff. of Rankins.* Rankins states that Hoppe confirmed that if Young's was awarded the Project it would be paid for each cubic yard of sand and clay fill material it spread and/or processed in Cell 4. Rankins further states that he relied upon Hoppe's assurances when he compiled and submitted a bid to St. Marys. Rankins represents that after accepting Young's bid, St. Marys informed him that a contract would not be signed unless Young's would agree to a change order in which it would authorize St. Marys to provide the sand and clay fill material for the project removing this from Young's contract. Rankins represents that the change order stated specifically, that Young's would be paid for each cubic yard of clay and sand fill

material it "spread or processed" giving no instruction how the material would measured.

In its opposition to Young's motion, St. Marys argues that Young's calculation of sums due for sand and fill material processed and geotextile fabric installed on the Project is inconsistent with and not supported by the contract documents. Rather, St. Marys maintains that the contract documents called for payment based on the "in place" measurement of the material processed, not by the number of truck yards hauled into the cell. At no time was Young's told that it would be paid based upon the number of cubic yards placed in the Project. St. Marys' List of Contested Facts, *R. 25-2,* refutes Young's representations cited in the affidavit of Rankins and set out above. Rather, St. Marys states that as there were no such representations or assurances by Rankins. Young's did not remain on the project and continue to perform its duties for any reason other than it was obligated to under the terms of the contract.

A motion for summary judgment can only be granted if the pleadings, depositions, and affidavits submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56; see also *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Before a court can find that there are no genuine issues of material facts it must be satisfied that no reasonable trier of fact could have found for the non-moving party. *Ladue v. Chevron, U.S.A., Inc.,* 920 F.2d 272 (5th Cir. 1991). The parties each submit different versions of the relevant facts related to their relationship. A case in

such a posture is not properly disposed of by summary judgment. Because there are genuine issues of fact to be tried, as described above, Young's motion for summary judgment must be denied.

As to plaintiffs' Motion To Strike Affidavits of Jon Fourrier and Pete Hoppe [Rec. Doc. 27], because the Court will deny the motion for summary judgment based on facts other than those in contention, plaintiffs' motion to strike will be denied as moot.